UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GEORGE JENKINS and TYLASIA JENKINS,

               Plaintiffs,

- against -

Detective Joeselyn Sanabria, Sgt. Cunningham, Det. Vernon Truitt, Det Brian Zuccaro, Det. John Bulone, Det. Darrell Julien, Sgt. Michael Korabel, Sgt. Dawn Adames, Det. Clifton Clarke, and JOHN DOES 1-10, the names being fictitious and presently unknown, employees of the New York City Police Department,

               Defendants.
----------------------------------------------------------------x

AMENDED COMPLAINT
13CV3485 (AT)

    George Jenkins and Tylasia Jenkins, by their attorney, The Law Office of Fred Lichtmacher, P.C., allege the following, upon information and belief, as their Complaint:

### Nature of the Action

1.    This civil rights action arises from a January 10, 2012 unlawful home entry and resulting assault and detention of George and Tylasia Jenkins, father and daughter. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §2201, and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of their civil rights.

### Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because one or more of the defendants reside in that judicial District.

### Parties

4.    George Jenkins is a citizen of the United States residing in the State and City of New York, County of Queens. He is the father of plaintiff Tylasia Jenkins. At the time of the incident complained of, Mr. Jenkins was a retiree over seventy years of age who had never before

been arrested and had for years been under doctor care for a cardiac and blood pressure conditions.

5. Tylasia Jenkins is a citizen of the United States of America residing in the State of New York, County of Queens. She is the adult daughter of George Jenkins.

6. Defendants Detective Joeselyn Sanabria Queens Narcotics Bureau, Sgt. Cunningham, Det. Vernon Truitt, Det Brian Zuccaro, Det. John Bulone, Det. Darrell Julien, Sgt. Michael Korabel, Sgt. Dawn Adames, Det. Clifton Clarke and JOHN DOES 1-10, the names being fictitious and presently unknown, employees of the New York City Police Department, were at all times relevant duly appointed and acting employees of the NYC Police Department. The individual defendants were, upon information and belief, assigned either to the 114th Precinct, PSA 9 or the Queens Narcotics Bureau and were responsible for investigating and obtaining any warrant at issue herein and for supervising the home invasion.

7. The individual defendants were at all times relevant duly appointed and acting employees of the New York City Police Department. Defendants were, upon information and belief, assigned either to the 114th Precinct, PSA 9 the Queens Narcotics Bureau and either participated in and/or caused and or failed to the illegal home invasion.

8. At all times relevant, defendants were acting under color of state law.

9. The individual defendants involved in the incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by the City of New York.

Facts Underlying<br>
<u>Plaintiffs' Claims for Relief</u>

10. Sometime at, around or before 6:00 a.m. on January 10, 2012 at Tylasia Jenkins' home at 41-07 12th Street, Apartment 2B, in Queens, New York, the individual defendants unlawfully broke into and invaded plaintiffs' home, assaulting and arresting the plaintiffs without legal justification.

11. The designated arresting officer on the scene, Detective Joeselyn Sanabria of the

Queens Narcotics Bureau, had improperly and incorrectly requested a search warrant for plaintiffs' apartment, despite the fact that she was aware that officers had gone to the apartment previously and determined that there was no illegal activity transpiring in that apartment.

12. Individual defendants broke through the door to apartment 2B, armed and in body armor.

13. Tylasia Jenkins was in her bed in underwear and a T-shirt when individual defendants, without identifying themselves as police officers, demanded entry into her room. Three of four of the defendants forced the door open, striking Ms. Jenkins in her head. Each was armed, and one John Doe defendant pointed his firearm at Ms. Jenkins.

14. Defendants ordered seventy six year old George Jenkins at gunpoint into the apartment's living room. Ms. Jenkins was permitted to get dressed before she too was held in the living room.

15. With both plaintiffs handcuffed and immobilized, the individual defendants conducted an hours long search of the plaintiffs' home. The search damaged items of personal property, left the apartment looking ramshackled and "tossed," and left the defendants without a shred of evidence of any crime or violation.

16. The individual defendants who entered the Jenkins' home on the morning of January 10, 2012 knew or should have known that the search the conducted was unlawful; that is, that if they were entering the home based on a facially-valid warrant, defendants knew or should have known the warrant was not supported by probable cause, or that they had entered the wrong home; or, upon entering and searching the apartment pursuant to a warrant they should have realized, as any reasonable police officer would have realized, that the ostensibly valid warrant was in fact fatally flawed as in fact, earlier the police had come to the Jenkins' home to buy drugs and had been thrown out by Mr. Jenkins-and therefore they knew this was not a drug selling location.

17. The individual defendants, and all of them, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the use of force, unlawful

break in, unlawful search, unlawfully conducted search, unlawful arrest, and unlawful detention of the plaintiffs.

18. As a result of the foregoing, the plaintiffs suffered emotional trauma, fright, physical pain and suffering, humiliation, loss of liberty, their property was unlawfully and unnecessarily damaged and trespassed upon and their constitutional rights were unlawfully infringed upon. They suffered the debasement of a prolonged tactical raid upon their home, and suffered the emotional pain and humiliation of being assaulted and arrested.

19. Despite knowing that the plaintiffs' rights were being violated, and despite having a reasonable opportunity to intervene, none of the defendants intervened to prevent plaintiffs from incurring the aforementioned harms. Those defendants who failed in their affirmative duty to intervene are liable to the plaintiffs for their preventable harms.

20. As a result of the foregoing, the plaintiffs suffered fear, panic, and humiliation.

21. At all times relevant, in breaking into the home, using unnecessary force, searching, damaging property, and detaining the Jenkins, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for the deliberate indifference to plaintiffs' rights and their physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR<br>
VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM<br>
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH<br>
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

22. Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated herein.

23. By the actions described above, the individual defendants deprived the plaintiffs of rights secured by the Constitution and laws of the United States, including, but not limited to, their right to be free and secure in their persons and their right to be free from arrest or search, except upon probable cause.

24. As a consequence thereof, plaintiffs have been injured.

## SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

25. Plaintiffs repeat the allegations of the foregoing paragraphs as though fully stated herein.

26. By the actions described above, the individual defendants deprived the plaintiffs of rights secured by the Constitution and laws of the United States, including, but not limited to, their right to be free from excessive and unreasonable force.

27. As a consequence thereof, plaintiffs have been injured.

### Request for Relief

WHEREFORE, plaintiffs respectfully request that judgement finding that their rights under the United States Constitution and New York State Constitution were violated together with:

(A) Compensatory dames in an amount to be fixed at trial;

(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

(C) An award to plaintiff of the costs and disbursements herein;

(D) An award of attorney's fees under 42 U.S.C. §1988;

(E) Such other and further relief as this Court may deem just and proper.

Dated: March 21, 2014
New York, New York

The Law Office of Fred Lichtmacher, P.C.
*Attorney for Plaintiffs*
The Empire State Building
350 Fifth Avenue, Suite 7116
New York, New York 10118

By: Fred Lichtmacher

To: Zachary Carter
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007